IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JAMES LEE McELHANEY, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-537-A |
| | § | |
| ATTORNEY GENERAL MUKASEY, | § | |
| ET AL., | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action was commenced September 9, 2008, by the filing by James Lee McElhaney ("McElhaney") of an application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241(c)(1) and (3), accompanied by a supporting memorandum. Before any respondent filed a response to the application, McElhaney filed an amendment to it on October 1, 2008, adding a ground for relief. The court has concluded that the application, as amended, should be denied.

I.

Background and Grounds of Application

On September 2, 2004, McElhaney pleaded guilty in the Dallas Division of this court to the offense of wire fraud, in violation of 18 U.S.C. § 1343, charged against him in Count 5 of a

superseding fifteen-count indictment. On January 14, 2006, he was sentenced to a sixty-month term of imprisonment and a three-year term of supervised release. He unsuccessfully appealed from his judgment of conviction and sentence to the United States Court of Appeals for the Fifth Circuit. McElhaney filed a motion under 28 U.S.C. § 2255 on January 29, 2007, which remains pending in the Dallas Division. His place of incarceration is Federal Correctional Institution-Fort Worth. He currently is projected to satisfy his sentence on August 25, 2009. He is scheduled to be designated to a residential reentry center ("RRC") on March 3, 2009.

McElhaney complains in his initially filed application documents that the Bureau of Prisons (a) violated 5 U.S.C. §§ 553, 702, and 706 by failing to comply with its obligations to promulgate the rules and regulations contemplated by section 251 of the Second Chance Act of 2007, Pub. L. No. 110-199 (18 U.S.C. § 3624(c)(6)), and (b) violated McElhaney's Fifth Amendment right to due process by applying arbitrary and capricious rules and policies in the making of its decision to deny his liberty interest in RRC placement beginning August 26, 2008. App. at 5, ¶¶ 29 & 30. The October 1 amendment to McElhaney's application adds as a ground for relief that he is entitled to immediate

consideration for RRC placement based on the reasoning and decision of the Ninth Circuit in <u>Rodriquez v. Smith</u>, 541 F.3d 1180 (9th Cir. 2008).

II.

Response to Application

By order signed September 26, 2008, the court directed defendant Rebecca Tamez ("Tamez"), who is the warden of the facility where McElhaney is incarcerated, to respond to the application. She filed her response on October 16, 2008. Tamez urges that: (a) the application should be dismissed because it is not signed by McElhaney, as required by Rule 11(a) of the Federal Rules of Civil Procedure; (b) the application should be dismissed because the court lacks jurisdiction to entertain the application under 28 U.S.C. § 2241 inasmuch as McElhaney is not in custody in violation of the constitution or laws or treaties of the United States; (c) the application should be dismissed due to McElhaney's failure to state a claim upon which relief can be granted because (i) of his failure to exhaust his administrative remedies and (ii) his failure to state violation of a constitutional or statutory right; and (d) the application is meritless because (i) McElhaney received proper review for RRC placement and (ii) the Bureau of Prisons has not violated the

Administrative Procedures Act by failing to promulgate regulations within ninety days of enactment of the Second Chance Act of 2007.

### III.

### Analysis

A.  <u>McElhaney's Failure to Sign the Application is Not Reason for Dismissing It</u>.

The court does not approve of the filing of the application signed by a person representing himself or herself to be the agent of McElhaney, rather than to be signed by McElhaney himself.  However, the court is satisfied from McElhaney's signature on his October 1 amendment to his application that McElhaney assented to the signing and filing of the application on his behalf.  Thus, the goal of the requirement that a pleading be signed on behalf of the party has been satisfied in this case. <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1021 (5th Cir. 1998) (stating that the purpose of the requirement of Rule 11 that an unrepresented party sign his pleadings is to make certain that the named party actually assented to the filing of the pleading). Therefore, the court rejects Tamez's suggestion that the failure of McElhaney to sign the application is ground for its dismissal.

B.  The Application was Properly Brought Under § 2241.

Tamez's argument in support of her contention that this action should not have been brought under § 2241 is similar to the argument another warden made in support of a request for dismissal of the case reported as Tischendorf v. Van Buren, 526 F. Supp.2d 606 (N.D. Tex. 2007). For the reasons given in Tischendorf, the court has concluded that Tamez's argument that this action is not properly brought under § 2241 is without merit. Id. at 609-10.

C.  The Conclusions and Holding Reached by the Court in Tischendorf Foreclose McElhaney's Reliance on Rodriquez.

The court reached conclusions and made a ruling in Tischendorf on the very issue raised by McElhaney in his October 1 amendment to his application. 526 F. Supp.2d at 610-13. For the reasons given in Tischendorf, the court disagrees with the reasoning and holding of the Ninth Circuit in Rodriguez v. Smith and McElhaney's arguments based on Rodriquez. The court has no reason to decide otherwise in this case.

D.  The Application Should Not be Dismissed Based on Failure to Exhaust.

Accepting at face value the facts presented in McElhaney's memorandum in support of his application, McElhaney made an

5

unsuccessful attempt to exhaust his administrative remedies. The court cannot say from the record now before it that McElhaney did not make a reasonable effort to exhaust his administrative remedies. Therefore, the court is denying Tamez's request for dismissal due to failure to exhaust.

E. <u>The April 14, 2008, Bureau of Prisons Memorandum Adequately Serves as Temporary Regulations</u>.

While the Director of the Bureau of Prisons has not issued formal regulations, as contemplated by 18 U.S.C. § 3624(c)(6), the guidance given to Bureau of Prisons personnel by the April 14, 2008, memorandum on the subject "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007" serves as temporary regulations accomplishing the objectives of the regulations contemplated by § 3624(c)(6). The directives of the memorandum, as set forth on pages 2-3 thereof (Tamez App. at 10-11), are calculated to ensure that placement in an RRC is "conducted in a manner consistent with section 3621(b) of [title 18]"; to ensure that placement in an RRC is "determined on an individual basis"; and, to ensure that placement in an RRC is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

McElhaney does not show that he has suffered any harm by the failure of the Director of the Bureau of Prisons to promulgate formal regulations. Therefore, this ground of McElhaney's application is without merit.

F.  McElhaney Has Made No Showing that His Due Process Right Has Been Violated.

To whatever extent McElhaney is urging that he has a constitutional right to be confined at a particular place, he would be incorrect. Olim v. Wakinekona, 461 U.S. 238 (1983); Montanye v. Haymes, 427 U.S. 236 (1976); Meachum v. Fano, 427 U.S. 215 (1976). To whatever extent McElhaney's contention is that the RRC placement decision pertaining to him does not comply with the requirements of 18 U.S.C. §§ 3621 and 3624, he has failed to make any showing in support of such a contention. On the other hand, Tamez has provided evidentiary bases for a factual determination that the RRC placement decision was made in compliance with the statutory requirements. Tamez App. at 1-6. Brad Gilliam, McElhaney's case manager, states in his declaration that:

> [McElhaney's] six month RRC placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community. After reviewing the resources of the RRC facility; the nature and circumstances of [McElhaney's] offense (Wire Fraud); his history and characteristics (as listed in

7

the presentence report and BOP central file); and the
statements of his sentencing judge, it was determined
six months RRC is appropriate for successful
reintegration.

Id. at 3. Thus, the decision as to the length of McElhaney's participation in the RRC program was made exactly as the statutes contemplate it would be.

McElhaney overlooks that the purpose of the RRC tenure is to assist the inmate in his adjustment to and preparation for reentry into the community. Other than possibly the conclusory statement that "BOP officials have failed to generate a skills development plan for [McElhaney] to enhance his reentry readiness as mandated as a 'minimum reentry strategy to help prepare prisoners for release and successful reintegration into the community,'" Mem. in Supp. of Application at 5, ¶ 12, McElhaney does not attempt to provide support for a finding or conclusion that participation by him in the RRC program for six months would not serve the goals of § 3624(c).

The court concludes that McElhaney's due process theory lacks merit.

G. Conclusion.

For the reasons given above, the court has concluded that McElhaney's application should be denied.

IV.

Order

Therefore,

The court ORDERS that McElhaney's application, as amended, be, and is hereby, denied.

SIGNED October 23, 2008.

_____
JOHN McBRYDE
United States District Judge